*248] Ewing, C. J.
We are all of opinion that the Court of Common Pleas ought to have made the appointment. The return was made and recorded ; the time appointed for opening the road had passed; and after the lapse of a year an application was made to vacate it. The first objection is, that it was not a road. But the statute makes it a road “from the time appointed for the opening of the same.” Rev. Laws 617, sec. 4. When a road has been laid out, and the time for ■ opening it has elapsed, it may be vacated. It is not necessary that it should be opened. The other objections are, that this court had ordered an alternative mandamus for the opening of the road, which was pending at the time of the application to the Court of Common Pleas for the appointment of surveyors, and that there had been a combination to produce delay. *311 But although there have been delays, they have been sanctioned by law; and the existence of the application for a mandamus was no reason why the Court of Common Pleas should not have made the appointment. The law required the court to make the appointment, and they were not bound to suspend the making it because there was an application to this court for a mandamus.
Let a mandamus issue.